■ UTICA MUTUAL INSURANCE COMPANY, as Subrogee of QUALITY HOUSE OF GRAPHICS, INC., Plaintiff, v SWEET CONSTRUCTION CORPORATION, Defendant, and RICHARD DECASTRO AND SONS ELECTRICAL CORPORATION, Defendant and Third-Party Plaintiff-Respondent. SIGMAN-WEISS ENGINEERS AND CONSULTANTS, Also Known as SIGMAN-WEISS ASSOCIATES, P. C., Third-Party Defendant-Appellant; J. GIARNELLA AND SON, INC., Third-Party Defendant-Respondent-Appellant.—Order, Supreme Court, New York County (Irma Vidal Santaella, J.), entered April 17, 1990, which, *inter alia,* denied the

motion of the third-party defendant Sigman-Weiss Associates, P. C. (Sigman-Weiss) for dismissal of the third-party complaint for failure to state a cause of action and for dismissal of the cross claims of J. Giarnella and Son, Inc. (Giarnella) and which further denied the motion by third-party defendant, J. Giarnella for dismissal of the third-party complaint for failure to state a cause of action and for dismissal of the cross claims of Sigman-Weiss, unanimously modified, on the law, and the motions to dismiss granted only to the extent of dismissing the claims sounding in indemnification and otherwise affirmed, without costs.

This is a subrogation action. The plaintiff's subrogor, Quality House of Graphics, Inc., allegedly engaged defendant Sweet Construction Corporation (Sweet) and defendant Richard DeCastro and Sons Electrical Corporation (DeCastro), *inter alia,* to do certain electrical repairs to the roof of a building on Van Dam Street in Long Island City. The complaint further alleges that on or about June 30, 1984, the plaintiff's insured sustained water and property damage due to the negligence of the defendants.

Defendant DeCastro then brought a third-party complaint against third-party defendants Sigman-Weiss and Giarnella alleging, *inter alia,* that if plaintiff's insured sustained damage, it was due to the negligence of the third-party defendants and that of plaintiff's insured.

The third-party action seeks contribution rather than indemnification. *(See, Board of Educ. v Sargent, Webster, Crenshaw & Folley,* 71 NY2d 21, 25-29 [1987]; *County of Westchester v Welton Becket Assocs.,* 102 AD2d 34, 46-47, *affd* 66 NY2d 642 [1985]; *McDermott v City of New York,* 50 NY2d 211, 216-219.) The third-party complaint alleges that the third-party defendants, as well as plaintiff's insured, were the active tortfeasors and the third-party complaint thus sounds in contribution. No allegations of express or implied contract are made and thus no valid claim for indemnification has been stated. To the extent that the third-party complaint seeks indemnification, it should be dismissed. To the extent that Giarnella's cross claim seeks indemnification, it should also be dismissed. Concur—Murphy, P. J., Carro, Rosenberger and Smith, JJ.